IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 3, 2003

## JEFF LANDOWSKI v. MARLA LANDOWSKI (COLLINGS)

**Direct Appeal from the Chancery Court for Obion County**
**No. 22,633     W. B. Acree, Jr., Circuit Court Judge, sitting by Interchange**

_____

**No. W2002-01689-COA-R3-CV - Filed June 25, 2003**

_____

**DISSENTING OPINION**

Before a trial court may change an existing custody determination, there must be a material change in circumstances and the change in custody must be in the best interest of the minor child. Blair v. Badenhope, 77 S.W.3d 137 (Tenn. 2002); see also Kendrick v. Shoemake, 90 S.W.3d 566 (Tenn. 2002).

The threshold determination is whether there has been a material change in circumstances. The trial court in the present case did not make specific findings of fact. T.C.A. § 36-6-101 (a)(2)(B)(I) provides that "in each contested case, the court shall make such finding as to the reason and the facts that constitute the basis for the custody determination." (Emphasis added). The trial court failed to provide such findings.

Once a material change in circumstances is shown, the court must determine whether the change is in the child's best interest. This determination should be made according to the factors innumerated in T.C.A. § 36-6-106. Kendrick, 90 S.W.3d at 570. The lower court in the present case did not conduct the required best interest analysis.

There should be no shortcut in following the procedural and substantive requirements enacted by the legislature and imposed by the decisions of our supreme court involving a change of custody of a minor child. I would remand this case to the trial court to make specific findings and to conduct a best interest analysis.

_____

ALAN E. HIGHERS, JUDGE